**EDWARD R. SCHWARTZ, CA Bar No. 147553**
Eschwartz@lrrc.com
**THOMAS J. DALY, CA Bar No. 119684**
TDaly@lrrc.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
**655 N. Central Avenue, Suite 2300**
**Glendale, California 91203-1445**
**Telephone: (626) 795-9900**
**Facsimile: (626) 577-8800**

Attorneys for Plaintiff,
Guardian Pool Fence Systems, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUARDIAN POOL FENCE SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SUNWEST INDUSTRIES, INC. d/b/a ALL SAFE POOL SAFETY FENCES NETS AND COVERS, and d/b/a ALL-SAFE PRODUCTS, <br><br> Defendant. | Case No. 8:16-cv-00824 <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** <br><br> **DEMAND FOR JURY TRIAL** |

For its Complaint against Defendant Sunwest Industries, Inc. ("Sunwest"), Plaintiff Guardian Pool Fence Systems, Inc. ("Guardian") alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for infringement of a registered trademark in violation of 15 U.S.C. § 1114(1) and unfair competition under Cal. Bus. & Prof. Code § 17200 *et seq.* and the common law of California. This Court has subject matter jurisdiction pursuant to at least 15 U.S.C. Section 1121(a) and 28 U.S.C. §§ 1338(a) and (b). This Court has supplemental jurisdiction over Plaintiff's state

-1-

law claim under 28 U.S.C. § 1367(a).

2. Venue is proper under 28 U.S.C. § 1391(b) because Defendant resides in California.

## PARTIES

3. Plaintiff Guardian is a corporation organized and existing under the laws of the State of California having a business address at 14715 Aetna Street, Van Nuys, California.

4. On information and belief, Defendant Sunwest, which does business as All Safe Pool Safety Fences Nets and Covers, and does business as All-Safe Products, is a corporation organized and existing under the laws of the State of California having a business address of 648 N. Eckhoff Street, Orange, California.

## FACTUAL BACKGROUND

5. Guardian is in the business of manufacturing and distributing gated pool fences. Guardian's patented gated pool fences have had an outstanding commercial success for over ten years and are distributed worldwide. As a result of this use, the trade names, service marks, and trademarks GUARDIAN, GUARDIAN POOL FENCE, and GUARDIAN POOL FENCE SYSTEMS have acquired a public recognition and represent a goodwill which inures to Plaintiff's benefit.

6. Guardian is the owner of United States Service Mark Registration No. 2,273,407 for GUARDIAN and design (the "'407 Registration") for non-metallic removable safety swimming pool fencing and fencing gates and for construction and installation of pool fencing. The '407 Registration issued on August 31, 1999 and is valid and existing on the Principal Register of the United States Patent and Trademark Office. The '407 Registration is incontestable pursuant to the provisions of 15 U.S.C. § 1065. A true copy of the '407 Registration is attached hereto as Exhibit A.

-2-

7. Guardian is the owner of United States Trademark Registration No. 2,963,700 for GUARDIAN (the "'700 Registration") for removable metal safety swimming pool fencing and fencing gates. The '700 Registration issued on June 28, 2005 and is valid and existing on the Principal Register of the United States Patent and Trademark Office. The '700 Registration is incontestable pursuant to the provisions of 15 U.S.C. § 1065. A true copy of the '700 Registration is attached hereto as Exhibit B.

8. Upon information and belief, Defendant has used the trademark GUARDIAN on a website controlled and operated by Defendant without the authorization or consent of Guardian. As an example, a section of Defendant's website entitled "Blog," available at http://www.allsafepool.com/blog/, various blog topics and keywords are listed, including "GUARDIAN Pool Covers," "GUARDIAN Pool Fence," "GUARDIAN Pool Products," and "GUARDIAN Pool Safety." A true copy of a printout of the webpage available at http://www.allsafepool.com/blog/ is attached as Exhibit C. By clicking on the above-listed blog keyword, a different webpage opens, listing all blog posts tagged with the corresponding keyword. True copies of printouts of the keyword blog posts for "GUARDIAN Pool Covers," "GUARDIAN Pool Fence," "GUARDIAN Pool Products," and "GUARDIAN Pool Safety" are attached hereto as Exhibits D, E, F, and G, respectively.

9. Upon information and belief, Defendant has also used the trademark GUARDIAN by contracting with Internet search engines to sponsor a link with searches where "Guardian Pool Fence" is the keyword so that potential customers for Guardian's products are presented with Defendant's website for its removable safety swimming pool fencing, fencing gates, and related products. Defendant's use of the GUARDIAN trademark has been and continues to be without the authorization or consent of Guardian. True copies of printouts from Google searches for "Guardian Pool Fence" and "Guardian Pool Fence Systems" are

attached hereto as Exhibits H and I.

10. Guardian previously initiated litigation against Defendant for violation of Guardian's trademark rights in the '407 Registration and the '700 Registration. Based on Defendant's written promise to cease use of Guardian's GUARDIAN trademark, Guardian dismissed the previous litigation. Upon information and belief, Defendant has resumed use of Guardian's GUARDIAN trademark, as set forth above, intentionally and without regard to the established rights of Guardian.

## FIRST CLAIM FOR RELIEF
### (Infringement of a Registered Trademark)

11. Guardian repeats and realleges paragraphs 1 through 10 of this Complaint.

12. The above-cited acts by Defendant constitute infringement of a registered trademark in violation of 15 U.S.C. § 1114 in that Defendant has used Guardian's GUARDIAN trademark in commerce in connection with the sale, distribution, or advertising of its goods in a manner which is likely to cause confusion or cause mistake or to deceive as to the affiliation, approval or sponsorship of Defendant's goods and services.

13. Guardian has been damaged by Defendant's trademark infringement by reason of likelihood that potential customers have been confused as to the source or affiliation, sponsorship or approval of Defendant's goods and services and the relationship of such goods and services to Guardian. Indeed, on information and belief, actual instances of such confusion have already occurred.

14. Defendant has profited from its actions of trademark infringement alleged herein.

15. By reason of Defendant's actions alleged herein, Guardian has suffered damage to its goodwill and the loss of sales and profits Guardian would have made but for Defendant's acts.

16. Defendant's acts of infringement are willful and taken without regard to the established rights of Guardian.

## SECOND CLAIM FOR RELIEF

**(Unfair Competition Under Cal. Bus. & Prof. Code § 17200, *et seq.*)**

17. Guardian repeats and realleges paragraphs 1 through 16 of this Complaint.

18. Defendant has engaged in acts of statutory unfair competition as defined in Cal. Bus. & Prof. Code § 17200 *et seq.*, including unfair and fraudulent business practices, as complained of herein.

19. Because of Defendant's acts complained of herein, Guardian has been actually damaged and suffered irreparable harm, and will continue to suffer irreparable harm, and Defendant has been unjustly enriched and will continue to be unjustly enriched, which damage, irreparable harm and unjust enrichment will continue until enjoined by order of this Court.

## THIRD CLAIM FOR RELIEF

**(Common Law Unfair Competition)**

20. Guardian repeats and realleges paragraphs 1 through 19 of this Complaint.

21. The above-described conduct of Defendant constitutes unfair competition under the common law of the state of California.

22. As a result of the actions of Defendant, Guardian has been damaged in an amount to be proven at trial.

23. On information and belief, the acts of Defendant complained of herein were undertaken willfully and with the intention of causing mistake and deception.

24. Because of Defendant's acts complained of herein, Guardian has suffered and will continue to suffer irreparable harm, and Defendant has unfairly

profited and will continue to be unjustly enriched, to an extent not presently ascertained, which irreparable harm and unjust enrichment will continue unless enjoined by order of this Court.

25. Defendant's conduct is and has been intentional, willful, and in reckless disregard of Guardian's rights, entitling Guardian to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Guardian Pool Fence Systems, Inc. requests entry of judgment in its favor and against Defendant Sunwest Industries, Inc. as follows:

1. A permanent injunction prohibiting Defendant from:

    a. using the word GUARDIAN alone or in combination with other words, symbols or designs, including but not limited to, GUARDIAN POOL FENCE, as a trade name, trademark, service mark, keyword, or metatag in connection with the sale, distribution of removable pool fences or gates, or goods which are related or complementary thereto; and

    b. from using the trademark GUARDIAN alone or in combination with other words, symbols or designs in a manner which is likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection, or association of Defendant and Guardian, or as to the origin, sponsorship or approval of Defendant's products and services by Guardian;

2. Compensatory damages and disgorgement of Defendant's profits from the sale of goods or services under 15 U.S.C. § 1117;

3. Treble damages pursuant to 15 U.S.C. § 1117;

4. Punitive damages under the common law of California;

5. Corrective advertising;

6. Prejudgment interest, costs, expenses, and reasonable attorney's fees

for this suit; and

7. Such other and further relief as this court may deem just and proper.

DATED: May 2, 2016

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By */s/ Thomas J. Daly*
Thomas J. Daly

Attorneys for Plaintiff,
Guardian Pool Fence Systems, Inc.

# **DEMAND FOR JURY TRIAL**

Plaintiff Guardian Pool Fence Systems, Inc., pursuant to Federal Rule of Civil Procedure 38, hereby demands a trial by jury of all issues so triable.

DATED: May 2, 2016

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By */s/ Thomas J. Daly*
  Thomas J. Daly

Attorneys for Plaintiff,
Guardian Pool Fence Systems, Inc.

AKS PAS1416246.2-*-05/2/16 9:24 PM